## 74191. LOONEY v. LOONEY.
### (358 SE2d 642)

BIRDSONG, Chief Judge.

Kermit and Jo Dean Looney obtained a divorce in Fayette County in which the mother was given custody of their two minor children, with provisions for visitation, alimony, and support. The father moved to North Carolina and was notified by his former wife that she intended to move to Indonesia with the children. On July 10, 1986, the father brought an action in Fayette County, the county of residence of the mother and the children, for a change of custody of the children to himself or in the alternative a modification of visitation rights so that the children would be allowed to visit with him each year from June 1 to September 1, with the mother being responsible for the children's travel expenses. The mother answered and counterclaimed for an increase in support and other equitable relief.

At a hearing on a temporary order for modification of support, counsel for the mother advised the court that when Mr. Looney filed his petition, he had physical custody of the children, but "the children were not in the custodial control of the defendant. . . ." The court asked counsel: "Now, you contend that his proceeding for change of custody is improper because it was filed at a time when he was improperly withholding custody from the mother — [COUNSEL] Yes, sir, I do." Mr. Looney testified he picked up the children in the second or third week in June and returned them in the second or third week in July. He had permission of the mother for one month's visitation. "[W]e had agreed on a certain day to return them; and it was either the 10th or the 11th of July. . . . Q. Did you return them on the agreed day? A. Yes, I did." Looney agreed that the decree gave two weeks' visitation, but he and his wife had always agreed upon one month's visitation each year. The children were physically with him when his ex-wife was served with his petition. The court held: "They can't change a court order by agreement" and dismissed appellant's complaint. This court granted the father's application for discretionary appeal. *Held:*

Our code establishes that neither a physical nor a legal custodian will be allowed to maintain an action for child custody, change of custody, or change of visitation rights so long as custody of the child is withheld from the legal custodian. OCGA § 19-9-24; see also *Hudson v. White*, 240 Ga. 209 (240 SE2d 18). In the instant case, however, the parties' "Settlement Agreement," which was before the court as an attachment to appellant's complaint, granted child visitation to the father for two weeks each summer, and "[s]uch other times as the parties may later agree upon. . . ." It is not contested that the parties agreed upon one month's visitation each summer. Accordingly, since the parties had agreed upon a visitation of one month and the children were returned to the custody of the mother on the day agreed upon, the children were not withheld from the custody of the mother on the date she was served, and the trial court erred in dismissing the petition on that ground.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 5, 1987.

*Larry H. Evans*, for appellant.
*Judith M. Alembik, W. Fletcher Sams*, for appellee.